IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MCLANE COVER, on behalf of himself and all others similarly situated, <br><br>        Plaintiff, <br><br> vs. <br><br> WINDSOR SURRY COMPANY, d/b/a WINDSORONE and WINDSOR WILLITS COMPANY d/b/a WINDSOR MILL, <br><br>        Defendants. | CIVIL ACTION NO. |

## DEFENDANTS' NOTICE OF MOTION, MOTION FOR PROTECTIVE ORDER, INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

## NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

PLEASE TAKE NOTICE THAT as soon as counsel may be heard in the United States District Court for the Northern District of Georgia, Defendants WINDSOR SURRY COMPANY ("Windsor Surry") and WINDSOR WILLITS COMPANY ("Windsor Willits") (collectively "Defendants") will, and hereby do, move this Court for a protective order prohibiting Plaintiff McLane Cover ("Plaintiff") from obtaining any documents or information obtained through the subpoena (the "Subpoena") served on BlueLinx Corporation ("BlueLinx") in the "Underlying Action" (Case No. 3:14-05262-WHO, pending in the Northern District of California).  This motion is made pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure.

This motion is based on this Notice of Motion and Motion for Protective Order, the supporting Memorandum of Law, the Declaration of William E. Pallares ("Pallares Decl."), all pleadings and papers on file in the Underlying Action, the oral arguments of counsel, and any other matter which may be submitted at the hearing.

This 9th day of November, 2016.

/s/ P. Michael Freed
P. MICHAEL FREED
Georgia Bar No.: 061128
SHERI BAGHERI
Georgia Bar No.: 174460
*Attorneys for Defendants Windsor Surry Company and Windsor Willits Company*

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
(404) 348-8585 – Telephone
(404) 467-8845 – Facsimile

# TABLE OF CONTENTS

1.  INTRODUCTION ...................................................................................1

2.  STATEMENT OF FACTS ......................................................................2

    A.  The Scope Of Plaintiff's Action........................................................2

    B.  The Parties Have Conducted Extensive Discovery .........................3

    C.  Oral Discovery Revealed That Plaintiff Did Not Rely On
        Defendants' Representations And That Installation Errors
        Caused Plaintiff's Damages...............................................................5

    D.  The Subpoena to Non-Party BlueLinx ..............................................6

    E.  The Northern District Court of California Has Already
        Limited Discovery To Apply Only To Defendants'
        WindsorOne Product ..........................................................................8

3.  THIS COURT HAS THE AUTHORITY TO QUASH
    PLAINTIFF'S THIRD-PARTY SUBPOENA AND ISSUE A
    PROTECTIVE ORDER .........................................................................8

4.  ARGUMENT.........................................................................................10

    A.  Defendants Have Standing To Challenge The Subpoena
        Before This Court .............................................................................10

    B.  The Court Should Grant a Protective Order Prohibiting
        Plaintiff's Third-Party Document Requests ...................................11

        1.  The Subpoena is Duplicative and Warrants a
            Protective Order Where All Relevant Non-Privileged
            Documents Have Already Been Produced By
            Defendants .................................................................................11

    C.  The Subpoena Presents an Undue Burden as it is Irrelevant
        and Not Proportional to the Needs of the Case ..............................13

1.   **Plaintiff's Subpoenas for Documents from Defendants' Distributors Goes Beyond the Scope of Discovery for a Rhode Island Class** ........................................ 14

2.   **Plaintiff Cannot Demonstrate that Discovery of Claims Outside of Rhode Island Will Substantiate His Rhode Island Class Allegations.** ............................................ 14

3.   **Plaintiff's Catch-All Requests are Further Duplicative, Irrelevant, and Overbroad** ............................... 17

D.   **Plaintiff's Subpoena Violates A Court Discovery Order** .............. 18

E.   **Plaintiff's Subpoenas Are A Last-Minute Attempt at a Desperate Fishing Expedition** ......................................... 18

5.   **CONCLUSION** ............................................................................. 20

# TABLE OF AUTHORITIES

## Federal Court Cases

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
    300 F.R.D. 406 (C.D. Cal. 2014)....................................................8

*AngioScore, Inc. v. TriReme Medical, Inc.*,
    No. 12-cv-03393-YGR(JSC), 2014 U.S. Dist. LEXIS 165227 (N.D.
    Cal. Nov. 25, 2014)....................................................................7

*Cabrera v. Government Emples. Insurance Co.*,
    No. 12-61390-CIV, 2014 U.S. Dist. LEXIS 90810 (S.D. Fla. July 3,
    2014) .......................................................................................7

*Chamberlain v. Farmington Savings Bank*,
    No. CIVIL 3:06CV01437(CFD), 2007 U.S. Dist. LEXIS 70376 (D.
    Conn. Sep. 25, 2007) ................................................................8

*Del Campo v. Kennedy*,
    236 F.R.D. 454 (N.D. Cal. 2006) ............................................7, 11

*Doninger v. Pacific Northwest Bell, Inc.*,
    564 F.2d 1304 (9th Cir. 1977) ...................................................11

*EEOC v. Evening Entm't Grp. LLC*,
    No. CV 11-01870-PHX-FJM, 2012 U.S. Dist. LEXIS 85310 (D.
    Ariz. June 20, 2012)...................................................................8

*EEOC v. Lexus Serramonte*,
    237 F.R.D. 220 (N.D. Cal. 2006) .............................................8, 9

*In re Fosamax Products Liability Litigation*,
    No. 06-MD-1789, 2009 U.S. Dist. LEXIS 70246 (S.D.N.Y. Aug. 4,
    2009) ......................................................................................10

*Kane v. National Action Financial Services*,
    No. 11-11505, 2012 U.S. Dist. LEXIS 66219 (E.D. Mich. May 11,
    2012) .......................................................................................7

*Mattel, Inc. v. Walking Mtn. Products*,
    353 F.3d 792 (9th Cir. 2003) .......................................................6

*Sahu v. Union Carbide Corp.*,
    262 F.R.D. 308 (S.D.N.Y. 2009)............................................8, 10

*Sanyo Laser Products v. Arista Records, Inc.*
    (S.D. Ind. 2003) ........................................................................8

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20, 104 S. Ct. 2199 (1984) ...........................................7

*Travelers Indemnity Co. v. Metropolitan Life Insurance Co.*,
    228 F.R.D. 111 (D. Conn. 2005) ....................................................................6, 7

## State Court Cases

*Thomas v. Amway Corp.*,
    488 A.2d 716 (R.I. 1985).........................................................................12

*Wilson v. Conair Corp.*, No. 1:14-cv-00894-WBS-SAB, 2015 U.S. Dist.
    LEXIS 109030 (E.D. Cal. Aug. 17, 2015) ......................................................11

## Federal Rules and Regulations

Fed. R. Civ. P. 23 ................................................................................ *passim*

Fed. R. Civ. P. 26 ................................................................................ *passim*

Fed. R. Civ. P. 37 ................................................................................ *passim*

Fed. R. Civ. P. 45 ................................................................................ *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

Plaintiff McLane Cover ("Plaintiff") has alleged a putative class action against defendants Windsor Surry Company ("Windsor Surry") and Windsor Willits Company ("Windsor Willits") (collectively "Defendants") wherein the District Judge, for the Northern District of California, has limited Plaintiff's claims to negligence and breach of express and implied warranties under Rhode Island law.  Plaintiff is the only identified putative class member.   His dispute centers on allegations that the WindsorONE trim boards bought from a Rhode Island supplier and installed on his Rhode Island vacation home rotted because of a product defect.  Further, Plaintiff contends that Defendants breached their warranties because of the alleged defect. Although the parties have already conducted extensive discovery in this case, Plaintiff, less than a month before the close of discovery, has now served seventeen (17) third-party subpoenas to Defendants' distributors and dealers who are located outside the state of Rhode Island, including the Subpoena to BlueLinx in Georgia. Because Plaintiff's case is limited to his claims for negligence and breach of express and implied warranty under Rhode Island law, Plaintiff's Subpoena for information outside of Rhode Island is not relevant and disproportionate to the needs of this case. Moreover, much of the information sought is duplicative of prior discovery and has already been produced by Defendants.   Further, pursuant to a discovery order,

1

Plaintiff is precluded from conducting any discovery as to information regarding WindsorONE+ trim broads.  Despite this clear order, Plaintiff's subpoenas request documents regarding WindsorONE+ in violation of the order.

Based on the foregoing, Plaintiff's third-party subpoena to BlueLinx in Georgia is inherently overly broad, unduly burdensome, irrelevant, disproportionate to the needs of the case and nothing more than a fishing expedition on the eve of the discovery cut-off .  Accordingly, Defendants respectfully request that this Court enter a protective order prohibiting Plaintiff from obtaining or using any documents or information obtained pursuant to the Subpoena.

## 2.    <u>STATEMENT OF FACTS</u>
### A.    <u>The Scope Of Plaintiff's Action</u>

On December 1, 2014, Plaintiff filed his putative class action Complaint in the "Underlying Action" (Case No. 3:14-05262-WHO, pending in the Northern District of California).  *See* Pallares Decl. at ¶ 4.  After several rounds of pre-answer motions, Plaintiff filed his Third Amended Complaint ("TAC") on February 18, 2016.  *Id.* at ¶ 4 & Ex. A.  The TAC alleged the following causes of action: (1) violation of Rhode Island's deceptive Trade Practices Act, or in the alternative, violation of the Massachusetts Consumer Protection Act; (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) negligence (asserted under both Rhode Island and California law); and (5) declaratory relief.  *See* Ex. A.  The causes of actions were

based on the contention that Defendants' WindsorONE trim boards suffered from defects that caused wood rot.  *See* Pallares Decl. at ¶ 4.

Although Plaintiff styles his TAC as a nationwide class action, Plaintiff is the only putative class member named in the TAC and no facts are alleged as to the existence of other potential adequate class members aside from Mr. Cover.  *Id.* at ¶ 5. As to the specific facts surrounding Plaintiff's claim, Plaintiff alleges that the WindsorONE trim board used on his Rhode Island vacation home was purchased from a Humphrey's Building Supply in Rhode Island.  *See* Ex. A at ¶ 73.  Plaintiff also alleges that he/his agents received specific diagrams and a CD containing various marketing and information material which they relied on in deciding to use the WindsorONE trim board on Plaintiff's vacation home.  *Id.* at ¶¶ 34, 66-71.  This CD was allegedly provided to Plaintiff's contractor, Jeffrey Moss.  *Id.* at ¶ 67.  Further, Plaintiff alleges that the WindsorONE trim board installed on his vacation home is failing, "despite being installed in accordance with Defendants' installation instructions."  *Id.* at ¶ 84.

On June 22, 2016, the court in the Underlying Action granted Defendants' Rule 12(b)(6) Motion to Dismiss and limited Plaintiff's claims to negligence and breach of warranty (express and implied) under Rhode Island law.  *See* Pallares Decl. at ¶ 6 & Ex. B at 1:20-24.

### B.    **The Parties Have Conducted Extensive Discovery**

The parties have engaged in extensive discovery in this matter. *See* Pallares Decl. at ¶ 7. Indeed, the deadline to complete fact discovery was extended by 150 days from June 24, 2016 to November 21, 2016 allowing more than sufficient time to conduct such discovery. *See Id.* at ¶ 7 & Ex. C. During this time period, Plaintiff served a set of special interrogatories and two sets of document requests to Defendants. *See* Pallares Decl. at ¶ 8. Plaintiff's documents requests sought, among other things, documents evidencing or relating to the design and specifications for WindsorONE trim boards; databases relating to warranty claims; communications with all distributors, dealers, wholesalers, and customers with respect to warranty claims; problems and performances related to WindsorONE; warranty related documents; reports and analysis of warranty claims; installation instructions; advertising and marketing materials; evidence of where WindsorONE was sold or distributed (including by third-parties); evidence regarding the amount of WindsorONE sold; and field testing and inspection related documents and reports. *See Id.* at ¶ 8 & Exs. D and E.

In response to these requests, Defendants produced close to 9,000 pages of non-privileged documents. *See* Pallares Decl. at ¶ 9. These documents include consumer complaints; claims and non-privileged documents from Defendants' hired expert consultant Norcon; communications and investigation information shared with third

parties; various product manuals, claims procedure instructions, brochures and installation and maintenance manuals. *Id.* at ¶ 9. Also, Plaintiff produced the Windsor promotional CD containing various information regarding WindsorONE products that Plaintiff alleges he relied on as the basis for his breach of warranty claims in the TAC. *Id.* at ¶ 10.

On October 24, 2016, Plaintiff served additional discovery requests seeking the production or inspection of warranty claims files and customer complaint files regarding WindsorONE trim board. *See Id.* at ¶ 11 & Ex. F. The production date for these requests is after the discovery cut-off date of November 21, 2016. *Id.* On October 26, 2016, Plaintiff then served identical requests, knowing the October 24, 2016 requests were defective, setting a inspection date of November 10, 2016. Plaintiff did so without an agreement from Defendants or a court order to shorten the Rule 34(b) 30-day time period. *See* Pallares Decl. at ¶ 12 & Ex. G.

**C.    Oral Discovery Revealed That Plaintiff Did Not Rely On Defendants' Representations And That Installation Errors Caused Plaintiff's Damages**

On August 16, 2016, parties took the first session of the deposition of Jeffrey Moss, Plaintiff's Carpenter. *See* Pallares Decl. at ¶ 13. During the deposition, Mr. Moss testified that he did not provide Plaintiff with the marketing CD, which Plaintiff alleges he relied on to select the WindsorONE product, until *after* the product was

selected and installed. *See* Ex. H at 181:9-11. Mr. Moss also testified that he did not talk about the contents of the CD with Plaintiff or any of Plaintiff's agents until many years after the product was installed, nor did he see or rely on any warranty from the CD. *Id.* at 154:23-155:20; 158:15-159:13; 161:19-162:6. In fact, Mr. Moss testifies that he was not even aware of any warranty language on the CD at the time he worked on Plaintiff's vacation home. Mr. Moss did not provide the CD to Plaintiff until years later, after Plaintiff discovered issues with the product on his vacation home. *Id.* at 162:15-163:4.

At the second session of his deposition on September 21, 2016, Mr. Moss testified that there were numerous contractors working on external trim of Mr. Cover's Rhode Island vacation home and that not all of the contractors would prime the cuts they made. *See* Pallares Decl. at ¶ 14 & Ex. I at 63:3-9; 88:20-89:1. Mr. Moss also testified that the WindsorONE trim board used on Plaintiff's vacation home had written instructions on the back of each trim board stating "prime all cuts." *See* Ex. I at 24:20-22; 257:6-9.

### D.    The Subpoena to Non-Party BlueLinx

On October 21, 2016, Plaintiff served 17 subpoenas to various non-party suppliers and individuals, including non-party BlueLinx. *See* Pallares Decl. at ¶ 15 & Ex. J. Each subpoena has a production date of November 10, 2016. *See* Ex. J. The

Subpoena to BlueLinx includes 35 document requests which fall into the following four categories:

(1) communications between Defendants and/or Norcon with Defendants' distributors regarding WindsorONE warranty claims and complaints (See Requests Nos. 1, 2, 4, 5, 7, 13, 14, 16, 32, 33 and 35);

(2) communications between Defendants and/or Norcon with Defendants' distributors regarding WindsorONE sales and marketing information (See Requests Nos. 8, 10, 12, 18, 22, 24, 25, 27, 29);

(3) Distributors' documents and communications regarding WindsorONE sales and warranty claims (See Requests Nos. 20, 21, 23, 30 and 34); and

(4) duplicative and overbroad catch-all requests (See Requests Nos. 3, 6, 9, 11, 15, 17, 19, 26, 28, and 31).

Of note, the Subpoena defines "WindsorONE" as "any component of the WindsorONE and WindsorONE+ trim board system…" *Id.* Attachment A at 3:4-6. As set forth herein, pursuant to a discovery order, Plaintiff is precluded from conducting any discovery concerning the WindsorONE+ product.

On November 3, 2016, Defendants proceeded to initiate a meet and confer with counsel for Plaintiff regarding all 17 of Plaintiff's third-party subpoenas under Fed. R.Civ. P. 37(a)(2)(A)(B) and LR 37.1. *See* Pallares Decl. at ¶ 16 & Ex. K. In its meet and confer, Defendants advised Plaintiff that Defendants had already produced

documents that were responsive to many of the document requests in Plaintiff's subpoenas. Defendants identified the previously produced documents by bates range. Defendants also outlining their arguments that the remaining requests were unduly burdensome and irrelevant. *See* Ex. K. Defendants also notified Plaintiff that if the subpoenas were not withdrawn, Defendants would have no choice but to move for a protective order. *Id.* On November 4, 2016, Defendants sent additional correspondence to Plaintiff regarding the impropriety of the requests for WindsorONE+ related information. *See* Pallares Decl. at ¶ 17 & Ex. L. In response to Defendants' meet and confer requests, Plaintiff responded on the evening of November 8, 2016 without leaving the parties time to conference before the filing of this motion on November 9, 2016. *See* Pallares Decl. at ¶ 18.

### E.   **The Northern District Court of California Has Already Limited Discovery To Apply Only To Defendants' WindsorOne Product**

On June 14, 2016, the District Judge for the Northern District of California precluded any discovery as to Defendants' product known as WindsorONE+. *See* Pallares Decl. at ¶ 19 & Ex. M at 1:24. Thus, the only product wherein Plaintiff can conduct discovery is Defendants' WindsorOne product. *See* Pallares Decl. at ¶ 19.

### 3.   **THIS COURT HAS THE AUTHORITY TO QUASH PLAINTIFF'S THIRD-PARTY SUBPOENA AND ISSUE A PROTECTIVE ORDER**

A court must quash a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii) & (iv); *see also Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *Mattel, Inc. v. Walking Mtn. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003).  "[A]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" and requires the court's consideration of "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Travelers*, 228 F.R.D. at 113.  (internal quotation marks omitted).  "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC), 2014 U.S. Dist. LEXIS 165227, at *3 (N.D. Cal. Nov. 25, 2014) (internal quotation marks omitted).

Additionally, under Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Rule 26 allows the court "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required," including prohibiting the disclosure of discovery altogether. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S. Ct. 2199 (1984).

Specifically, as it relates to class discovery, "prior to certification of a class action, discovery is generally limited and in the discretion of the court." *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006); *see also Cabrera v. Gov't Emples. Ins. Co., No. 12-61390-CIV, 2014 U.S. Dist. LEXIS 90810 (S.D. Fla. July 3, 2014)*. Additionally, "plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations." *Del Campo*, 236 F.R.D. at 459*; see also Kane v. Nat'l Action Fin. Servs.*, No. 11-11505, 2012 U.S. Dist. LEXIS 66219, at *16 (E.D. Mich. May 11, 2012).

4.    <u>**ARGUMENT**</u>

   A.    <u>**Defendants Have Standing To Challenge The Subpoena Before This Court**</u>

Under Rule 26, a party may challenge a third-party subpoena by seeking a protective order since the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26. *See EEOC v. Evening Entm't Grp. LLC,* No. CV 11-01870-PHX-FJM, 2012 U.S. Dist. LEXIS 85310, at *1 (D. Ariz. June 20, 2012) ("The scope of discovery for non-party subpoenas is identical to that under Rule 26, Fed. R. Civ. P."); *Chamberlain v. Farmington Sav. Bank*, No. CIVIL 3:06CV01437 (CFD), 2007 U.S. Dist. LEXIS 70376, at *3 (D. Conn. Sep. 25, 2007).  Rule 45 instructs a party to challenge a subpoena in the district where compliance with the subpoena is

required.  *See* Fed. R. Civ. P. 45(d)(3)(A) ("on a timely motion, the court for the district where compliance is required must quash or modify a subpoena that…subjects a person to undue burden.")  Here, the Subpoena lists the place of compliance at an address located in Canton, Georgia.  Pallares Decl., Ex. J. As such, Defendants, as parties to the Underlying Action, are properly bringing this Motion before this Court.

**B.    The Court Should Grant a Protective Order Prohibiting Plaintiff's Third-Party Document Requests**

Rule 26(b) further provides that requested discovery may be limited if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  *See also, Sanyo Laser Prods. v. Arista Records, Inc*. (S.D. Ind. 2003), 214 FRD 496; *Sahu v. Union Carbide Corp*., 262 F.R.D. 308 (S.D.N.Y. 2009). Courts also regularly quash subpoenas requiring non-parties to provide discovery that can be produced by a party.  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014); *EEOC v. Lexus Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006).  Here, Plaintiff's Subpoena is unreasonably duplicative and warrants a protective order where the Subpoena requests documents similar to the discovery already propounded on Defendants.

**1.    The Subpoena is Duplicative and Warrants a Protective Order Where All Relevant Non-Privileged Documents Have**

**Already Been Produced By Defendants**

As set forth above, categories one and two seek the following: documents and communications between Defendants and/or Norcon with Defendants' distributors regarding WindsorONE warranty claims and complaints  (*See Id.*, Ex. J at ¶.); and communications between Defendants and/or Norcon with Defendants' distributors regarding WindsorONE sales and marketing information.  *Id.*  These categories include documents relating to the solicitation of sales and installation services, general contractual documents, installation instructions, marketing, advertising, sales, training materials, and product brochures.  *Id*.

Here, Plaintiff has had ample opportunity to request relevant information and has done so through its document requests to Defendants.  During written discovery, Defendants produced almost 9,000 pages (bates stamped WM000001 – WM008954) of documents which are responsive to Plaintiff's subpoenas to third-parties such as BlueLinx.  Specifically, Defendants produced more than 2,800 pages regarding consumer complaints, claims, claims procedure instructions, inspection reports, and non-privileged documents from Norcon's files which are responsive to the first category of documents sought from BlueLinx.  Defendants also produced material, catalogs, installation manuals, and maintenance manuals.  Furthermore, Plaintiff has in his possession the promotional CD containing various information regarding

WindsorONE products that he allegedly relied upon to support his breach of warranty claims.

Plaintiff's subpoena is "unreasonably cumulative and duplicative" as defined under Rule 26(b).

### C.    The Subpoena Presents an Undue Burden as it is Irrelevant and Not Proportional to the Needs of the Case

In addition to the standard set forth under Rule 26(c) for issuing a protective order, the Court should also consider the general scope of permissible discovery under Rule 26(b).   Under Rule 26(b) the court should consider whether the discovery requested is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the discovery in resolving the issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. " Fed. R. Civ. P. 26(b)(1).  Further, when a  subpoena is a discovery request upon a third-party, the Court should be more sensitive to the burdens of discovery on this third-party. *Sahu*, 262 F.R.D. at 317.  *See also In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789, 2009 U.S. Dist. LEXIS 70246, at \*34 (S.D.N.Y. Aug. 4, 2009) (explaining that third parties are entitled to more "sympathy" since "they have no personal stake in the litigation").

1. **Plaintiff's Subpoenas for Documents from Defendants'
   Distributors Goes Beyond the Scope of Discovery for a
   Rhode Island Class.**

Plaintiff's document requests under category three (3) are improper and present
an undue burden as they are overbroad, irrelevant, and not proportional to the needs of
the case. The requests seek to command BlueLinx, a distributor of Defendants outside
of Rhode Island, to produce documents and communications related to resolving
complaints regarding WindsorONE trim boards, inspections and/or inspection reports
regarding complaints and warranty claims for WindsorONE trim boards, and
documents showing customer numbers for WindsorONE trim boards. Because
Plaintiff's claims are limited to negligence and breach of express and implied
warranty under Rhode Island law, discovery as to warranty outside of Rhode Island
bears no relevance to Plaintiff's.

2. **Plaintiff Cannot Demonstrate that Discovery of Claims
   Outside of Rhode Island Will Substantiate His Rhode Island
   Class Allegations.**

Plaintiff has the burden of showing that any class-related discovery is likely to
produce substantiation of its class allegations in addition to the limitations placed on

the scope of discovery under Rule 26(b).  *Del Campo*, 236 F.R.D. at 459.  Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.  Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). Further, "To make a prima facie showing under Rule 23(a) of the Federal Rules of Civil Procedure a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Plaintiff must show (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class. *Wilson v. Conair Corp.*, No. 1:14-cv-00894-WBS-SAB, 2015 U.S. Dist. LEXIS 109030 (E.D. Cal. Aug. 17, 2015) (internal punctuation and citation omitted).

Plaintiff is the only putative class member and he has failed to demonstrate in his operative complaint and in subsequent discovery efforts that other class members exist outside of Rhode Island.  Moreover, he has failed to demonstrate that other class

members exist in Rhode Island.  As such, he has failed to make a prima facie showing as to numerosity.

Further, Plaintiff cannot demonstrate commonality as to questions of law and fact.  Plaintiff's negligence and breach of implied warranty center on allegations of product defect as to WindsorONE trim board, resulting in wood rot.  Discovery, however, has revealed that the wood rot resulted from installation errors and not a product defect.  Plaintiff's carpenter, Jeffrey Moss, testified that despite instructions on WindsorONE trim board stating to "prime all cuts," not all the contractors working on Plaintiff's Rhode Island vacation home primed the cuts they made.  The failure to prime end cuts would result in exposing the raw wood on the installed trim boards to the elements thereby causing Plaintiff's complained-of damages.  Thus, the cause of the alleged failure of Defendants' product are unique to his Rhode Island home and not related to product defect.

Lastly, as to Plaintiff's breach of breach of express warranty claims, Rhode Island law requires of showing of actual reliance.  *Thomas v. Amway Corp.,* 488 A.2d 716 (R.I. 1985).  Here, Plaintiff alleges that he and his agents relied on the various marketing and informational material on a Windsor CD in their decision to use WindsorONE trim board on Plaintiff's vacation home.  However, Mr. Moss's deposition testimony directly contradicts these allegations.  Mr. Moss testified that he was not aware of the contents of the CD, or any warranty language on the CD, before

installing the WindsorONE product on Plaintiff's home.  Further, Mr. Moss testified that he did not rely on any warranty related representations prior to installing the product, nor did he share any warranty related representations from the CD with Plaintiff or Plaintiff's other purported agents.  Finally, Mr. Moss testified that he did not even mention the CD to Plaintiff until years after the Cover project had been completed, further undermining Plaintiff's allegations of reliance upon these materials.  There is simply no evidence to support reliance for a breach of warranty claim either in Rhode Island or outside of Rhode Island.

Without any prima facie showing of other putative class members, commonality of facts and law related to product defect or implied warranties, and breach of express warranties, there is no basis to conduct discovery beyond Rhode Island.  Accordingly, Defendants respectfully request at this Court grant their motion.

### 3.  Plaintiff's Catch-All Requests are Further Duplicative, Irrelevant, and Overbroad

Plaintiff's document requests within category four (4) constitute Plaintiff's "catch-all" requests that make the same duplicative and irrelevant demands as all of the previous categories of requests with the only difference being these requests seek the production of all documents and communications from "all" or "any" person and/or entity.  To the extent that any of the documents falling under category four relates to documents and/or communications provided to the third-party by

Defendants or Norcon under categories one and two, these requests are duplicative where the documents have already been produced by Defendants. The produced documents would also serve as the relevant documents responsive to this request where Plaintiff's claims are against Defendants.

### D.    Plaintiff's Subpoena Violates A Court Discovery Order

Plaintiff defines the term "WindsorONE" in its Subpoena as "any component of the WindsorONE and WindsorONE+ trim board system" and uses this defined term in each and every document request. On June 14, 2016, the Honorable Judge William Orrick ruled in an order concerning discovery matters in the Underlying Action that Plaintiff "is not entitled to information regarding WindsorONE+". Consequently, each and every one of Plaintiff's requests are both overbroad and in direct violation of the June 14, 2016 as they request information related to WindsorONE+. Plaintiff's requests are a deliberate overreaching of the scope of discovery Plaintiff is entitled to and is potentially sanctionable conduct, further warranting that this Court issue a protective order to limit Plaintiff's discovery conduct.

### E.    Plaintiff's Subpoenas Are A Last-Minute Attempt at a Desperate Fishing Expedition

Plaintiff's documents requests in the Subpoena as a whole are nothing more than a desperate last-minute fishing expedition, further highlighting the undue burden

that these requests represent.  To the extent Plaintiff was not satisfied with the almost 9,000 pages of documents produced by Defendants throughout the discovery process, Plaintiff should have brought these issues forward before the Court in the Underlying Action.  Instead, with less than one month to go before the end of the extended discovery period, Plaintiff has chosen to make a further request for production from Defendants as well as to burden 17 non-parties to the litigation with third-party subpoenas.

This Subpoena before the Court is just one of 17 third-party subpoenas Plaintiff issued to various third-parties across the United States on October 21, 2016. Concurrently, Plaintiff also served upon Defendants a Request for Production, Inspection, and Copying of Documents, and Inspection and Photographing of Things and Real Property on October 24, 2016.  The subpoenas and Plaintiff's latest Request for Production reiterate the same requests made in Plaintiff's previous discovery to Defendants, including, among other things, requesting customer complaint files and warranty claim files regarding WindsorONE trim boards.

Plaintiffs last minute discovery efforts, made on the eve of the discovery cut-off, demonstrate the lack of importance Plaintiff places on this discovery. Plaintiff had well over a year to conduct the discovery and did not do so. Only now, with the discovery deadline looming, has plaintiff engaged in what can only be considered a

desperate fishing attempt to round up facts which Plaintiff has been unable to obtain so far in support of its class allegations.

Accordingly, Defendants respectfully request that this Court grant Defendants' motion for a protective order.

## 5.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court enter a protective order prohibiting Plaintiff from obtaining any documents or information from its Subpoena.

This 9th day of November, 2016.

/s/ P. Michael Freed
P. MICHAEL FREED
Georgia Bar No.: 061128
SHERI BAGHERI
Georgia Bar No.: 174460
*Attorneys for Defendants Windsor Surry Company and Windsor Willits Company*

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
(404) 348-8585 – Telephone
(404) 467-8845 – Facsimile

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that the foregoing **Defendants' Notice of Motion, Motion for Protective Order, Incorporated Memorandum of Law in Support Thereof** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this **Defendants' Notice of Motion, Motion for Protective Order, Incorporated Memorandum of Law in Support Thereof** has been typed in Times New Roman 14 count.

/s/ P. Michael Freed
P. MICHAEL FREED
Georgia Bar No.: 061128
SHERI BAGHERI

Georgia Bar No.: 174460

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the within and foregoing pleading

upon counsel of record via the U.S. Mail, First Class to:

Shawn J. Wanta
Baillon Thome Jozwiak & Wanta LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402

Charles E. Schaffer
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Michael McShane
S. Clinton Woods
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
*Counsel for Plaintiff*

This 9th day of November, 2016.

/s/ P. Michael Freed
P. MICHAEL FREED
Georgia Bar No.: 061128
SHERI BAGHERI
Georgia Bar No.: 174460
*Attorneys for Defendants Windsor*
*Surry Company and Windsor Willits*
*Company*

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
(404) 348-8585 – Telephone
(404) 467-8845 – Facsimile